**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

JAIRO H. MARINO,                                    *

     Plaintiff,                                    *

v.                                                   Case No.: GJH-21-3117
                                                     *

TOEPFER CONSTRUCTION
COMPANY, INC.,
                                                     *

     Defendant.                                    *

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jairo Marino, proceeding *pro se*, filed a Complaint against Defendant Toepfer

Construction Company, Inc. alleging age, sex, and national origin discrimination, wrongful

termination, and retaliation all stemming from his employment as a carpenter with Defendant.

Pending before the Court is Plaintiff's Motion to Appoint Counsel, ECF No. 2. No hearing is

necessary. *See* Loc. R. 105.6 (D. Md. 2021). For the following reasons, Plaintiff's Motion to

Appoint Counsel, ECF No. 2, is denied.

**I.      BACKGROUND[1]**

On December 7, 2021, Plaintiff filed his Complaint against Defendant Toepfer

Construction. ECF No. 1 at 1.[2] Plaintiff alleges that he worked for Defendant for approximately

five-and-a-half months with no complaints when he was fired without warning. *Id.* at 6. He also

alleges that, during his employment, he had several encounters with a particular manager that

---

[1] Unless otherwise stated, the background facts are taken from Plaintiffs' Complaint, ECF No. 1, and are presumed to be true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).

[2] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

included verbal harassment, which Plaintiff reported to human resources, who apologized, filed a report, and informed Plaintiff that it would never happen again. *Id*. After "several" additional incidents of "disrespect" from the manager, Plaintiff was fired. *Id.* He alleges that he lost approximately three months of work with no unemployment benefits, "strong emotional damage," including to his reputation, as well as family distress. *Id.* at 7.

Plaintiff filed a complaint with the U.S. Equal Employment Opportunity Commission ("EEOC"). *See* ECF No. 1-3 (EEOC Dismissal and Notice of Rights). The EEOC found that it would not proceed further with its investigation and that it made no determination about whether further investigation would establish violations of the statute. *Id.* The EEOC issued Plaintiff a right-to-sue-letter on September 8, 2021. *Id.*

Plaintiff then filed suit in this Court against Defendant on December 7, 2021. The same day, Plaintiff also filed the now pending Motion to Appoint Counsel, ECF No. 2, in which he requests legal representation due to the withdrawal of his previous attorney, because, as Plaintiff states, the attorney did not believe he was making enough money. *Id.*

On December 14, 2021, this Court entered an Order explaining that, because Plaintiff filed his Complaint with the full filing fee, he bore the responsibility of effectuating service of process on Defendant. ECF No. 3 at 1. The Court also explained that service of process on corporations and associations must be made in accordance with Federal Rule of Civil Procedure 4(h), and noted that, although Plaintiff had provided a summons to the Clerk, he did not list the correct resident agent for service on Defendant Toepfer Construction, a corporation. *Id.* The Court went on to provide Plaintiff with the resident agent listed: CSC-Lawyers Incorporating Service Co., 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202, but cautioned Plaintiff that "[i]f there was no record that service was effectuated of Defendant, Plaintiff risk[ed] dismissal of

this case." *Id.* at 2. Finally, the Court explained that pursuant to Fed. R. Civ. P. 4(m) and Local

Rule 103.8.a., if Plaintiff, as the "party demanding affirmative relief," fails to serve Defendant

within 90 days of filing the Complaint, the Court may enter an order asking Plaintiff to show

cause why the claims should not be dismissed. *Id.*

On January 5, 2022, the Deputy Clerk issued a summons for Defendant Toepfer

Construction, ECF No. 4. On March 14, 2022, Plaintiff filed Proof of Service in which Plaintiff

checked the box indicating "I personally served the summons on the individual," and Plaintiff

included the address of Defendant's registered agent, which the Court had previously provided.

ECF No. 5 at 1. Moreover, Plaintiff's signature appears on the "Server's signature" line, and he

printed his name and included "Plaintiff" as his title. *Id.*

## II.     DISCUSSION

Pursuant to 28 U.S.C. § 1915, "[t]he court may request an attorney to represent any

person unable to afford counsel." 28 U.S.C. § 1915(e)(1). This power, however, is discretionary,

and it should be exercised only in "exceptional cases." *See Cook v. Bounds*, 518 F.2d 779, 780

(4th Cir. 1975). The question of whether such circumstances exist in a particular case hinges on

the characteristics of the claim and the litigant. *See Whisenant v. Yuam*, 739 F.2d 160, 163 (4th

Cir. 1984) (internal citations omitted), *abrogated on other grounds by Mallard v. U.S. Dist.

Court for the S. Dist. of Iowa*, 490 U.S. 296, 109 S. Ct. 1814, 104 L. Ed. 2d 318 (1989). Where a

colorable claim exists but the litigant has no capacity to bring it, counsel should be appointed.

*Id.*; *see also Berry v. Gutierrez*, 587 F. Supp. 2d 717, 723 (E.D. Va. 2008).

In his one-page, handwritten Motion, Plaintiff merely states that he is requesting legal

representation because his previous attorney "drop[ped]" his case because, as Plaintiff states, the

attorney did not think he was "making enough money." ECF No. 2 at 1. Plaintiff states that he

paid him $1,500. *Id.* While the Court is sympathetic to the fact that Plaintiff's lost his previous representation, Plaintiff has not suggested to the Court what, if any, other attempts he has made to obtain other counsel in his case. *See Ta"ati v. Bd. of Trustees of Montgomery Cmty. Coll.*, No. 03-cv-2097- RWT, 2004 WL 5215490, at *1 (D. Md. Jan. 20, 2004) (factoring plaintiff's failure to make efforts to retain counsel, after prior counsel's withdrawal from case, into consideration when denying motion for appointment of counsel). Regarding the merits of his case, the EEOC opted not to pursue its investigation further and made no determination about whether further investigation would establish violations of the statute. *See* ECF No. 1-3 at 1. While this is not binding on the Court's ultimate determination of the case, it is still relevant to the Court's determination of whether appointed counsel is warranted. *See Garrison v. State of Md. Great Oaks Cntr.*, 850 F. Supp. 366, 368 (D. Md. 1994).

Under the facts presented to the Court, although not frivolous, Plaintiff has not shown that he has a colorable claim warranting the appointment of counsel. *See Teal v. Buckley*, No. 14-cv-2550-GJH, 2014 WL 6942313, at *3 (D. Md. Dec. 5, 2014) (citing *Young v. Kmart*, 911 F. Supp. 210, 211 (E.D.Va.1996) (finding complaint stating that plaintiff was demoted because of racial discrimination was not frivolous solely on the reading of the complaint but did not support appointment of counsel)). Moreover, although the Court appreciates the difficulties associated with prosecuting a case as a *pro se* litigant, it is not clear that Plaintiff has "no capacity" to bring this case himself. Ultimately, the Court does not find this to be the rare, "exceptional case[]" in which a plaintiff is entitled to the appointment of counsel under 28 U.S.C. § 1915(e)(1). *See Cook*, 518 F.2d at 780; *see also Johnson v. Campbell*, No. 18-cv-313-GJH, 2020 WL 1452278, at *7 (D. Md. Mar. 25, 2020) ("Inherent in this analysis is that one's indigence alone is

insufficient to establish exceptional circumstances."). Accordingly, Plaintiff's Motion to Appoint Counsel is denied.

Separately, the Court has identified a deficiency with Plaintiff's service of process on Defendant Toepfer Construction, which the Court will additionally address.

Rule 4 of the Federal Rules of Civil Procedure provides explicit requirements for timely and effective service of process. And as this Court outlined to Plaintiff in its December 14, 2021 Order, *see* ECF No. 3 at 1, service of process on corporations and associations must be made in accordance with Federal Rule of Civil Procedure 4(h). Rule 4(h) provides that a corporation must be served either by:

> [following the law for serving] a summons . . . in the state where the district court is located or where service is made, or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and—if the agent is one authorized by statute and the statute so requires—by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h).

Plaintiff has failed to comply with the service of process requirements. In the March 14, 2022 Order, this Court explained to Plaintiff that, pursuant to Federal Rule of Civil Procedure 4(c)(2), "service of a summons and complaint may be effected by any person who is not a party and who is at least 18 years of age." ECF No. 3 at 1. Nonetheless, Plaintiff filed proof of service indicating that he himself had "personally served the summons" on Defendant Toepfer Construction at 7 St. Paul Street, Suite 820, Baltimore, Maryland 21202, which is the address this Court previously provided to Plaintiff. *See* ECF No. 5. Plaintiff's signature appears on the line for the server's signature, and Plaintiff printed his name and included "Plaintiff" as his title. *Id.* Therefore, it is apparent to the Court that Plaintiff himself attempted to serve Defendant Toepfer Construction rather than enlisting a third party as required by both Federal Rule of Civil

Procedure 4(c) and Maryland Rule 2-123(a). *See e.g.*, *Moseley v. Pallozzi*, No. 18-cv-1292-RDB, 2019 WL 418407, at *4 (D. Md. Feb. 1, 2019) (finding that plaintiff's attempt to serve a particular defendant himself, and failure to contest the assertion, warranted dismissal of claims).

Plaintiff's Complaint was filed on December 7, 2021, ECF No. 1, therefore, pursuant to Rule 4(m) and Local Rule 103.8.a, Plaintiff should have effectuated service by March 7, 2022. Plaintiff's improperly served proof of service was filed on March 14, 2022, ECF No. 5, and is, therefore, untimely. However, because Plaintiff did attempt service, albeit incorrectly, the Court will allow Plaintiff an extension of time to properly serve Defendant Toepfer Construction.

## III.   CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Appoint Counsel, ECF No. 2, is denied. A separate Order shall issue.

Date: July 21, 2022                                    /s/
                                                       GEORGE J. HAZEL
                                                       United States District Judge